pending and on the calendar of the Appellate Part of the Court of Special Sessions on August 31, 1962. Had an application been made, that court would have been obliged to dismiss the appeal (cf. *People* v. *Coppola*, 6 N Y 2d 970). After September 1, 1962, however, appellate courts no longer had the authority to dismiss appeals which were erroneously taken to them. The new judiciary article (N. Y. Const., art. VI) provides in subdivision b of section 5: " If any appeal is taken to an appellate court which is not authorized to review such judgment or order, the court shall transfer the appeal to the appellate court which is authorized to review such judgment or order." Appeals pending on September 1, 1962 in the Court of Special Sessions, pursuant to the provisions of section 34 of article VI, were transferred to the Appellate Division of the appropriate Department. At the same time the Appellate Division was authorized to direct that the Appellate Terms of the Supreme Court in the First and Second Judicial Departments should hear and determine the appeals pending in the Appellate Part of the Court of Special Sessions. Pursuant to the transitional powers granted to this court in section 4 of chapter 684 of the Laws of 1962, an order was entered on June 25, 1962 transferring all appeals pending on August 31, 1962 in the Appellate Part of the Court of Special Sessions in the First Department, to the Appellate Term of the Supreme Court, First Judicial Department. It should be noted that under section 8 of article VI of the Constitution this court has, on July 11, 1962, directed that all appeals from the New York City Criminal Court (the successor to the Court of Special Sessions and the Magistrates' Court) should be heard and determined in the Appellate Term of the Supreme Court, First Judicial Department. It would appear thus that when the appeal in this case (which was pending on the calendar of the Appellate Part of the Court of Special Sessions) was transferred, pursuant to the provisions of the Constitution and the orders of this court, to the Appellate Term of the Supreme Court, First Judicial Department, fortuitously the case arrived in the court which now is authorized to hear and determine all appeals from judgments of conviction entered in the abolished Magistrates' Court even when a Magistrate thereof was sitting as a Court of Special Sessions. Because the appeal is now pending in the proper court albeit through a tortured route, there is no need for the present motion. The motion is dismissed. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.

■ BERNARD SPIELBERG V. TELECHROME MANUFACTURING CORP.— Motion to dispense with printing denied without prejudice to a renewal thereof as to exhibits only upon proper papers with respect thereto. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of IRENE EDWARDS V. ROBERT E. HERMAN.— Motion for a stay granted. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MAX SCHEMAN V. ALEXANDER SCHLEIN et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 4, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ ANNA PAVIA et al. v. MAX FEINGOLD.— Motion for leave to serve an amended notice of appeal granted. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ ETHEL FOYE v. HERBERT MOSES.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ AIDA FLORES v. WIENER REALTY Co.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 4, 1962, with

notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

HARRIETTE STECKLER v. ROY P. STECKLER.— Motion for a stay denied. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

PHILIP L. KELSER et al. v. SACRAMENTO TELECASTERS, INC.— Motion to dismiss appeal granted unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 4, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Motion to dispense with printing granted only to the extent of requiring appellant to print so much of the depositions as were excerpted or attached to the motion papers by either side, without addition. The complete depositions are to be handed up on the argument or submission of the appeal, and the motion is otherwise denied. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

AMERICAN TRUST COMPANY v. RECONSTRUCTION FINANCE CORPORATION. — Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before December 4, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

KENNETH TSUNODA v. ELEANORE A. TSUNODA.— Motion for a stay denied. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

DEWDROP RAINWEAR CO., INC., v. LINDY RAINWEAR CO., INC.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

ROBERT GRENE v. ROBERT H. BAILEY et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before November 8, 1962, with notice of argument for November 20, 1962, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

In the Matter of DANIEL F. O'BRIEN et al. v. THEODORE H. LANG.— Motion granted only insofar as to permit movants to file a brief *amicus curiæ* on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

JANE KWAN v. ZALE L. KESSLER.— Motion to dispense with printing granted only insofar as to permit the appeal to be heard upon the original record, without printing the same, but upon printed appellant's points. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

MICHAEL MORAN v. ABERCROMBIE & FITCH COMPANY.— Motion for a stay granted on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before October 26, 1962, with notice of argument for the November 1962 Term, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before November 12, 1962. Reply points, if any, are to be served and filed on or before November 19, 1962. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

In the Matter of the Estate of DAVID NICKELSBURG, Deceased.— Motion for an enlargement of time granted only insofar as to extend the time for appellant to procure the record on appeal and appellant's points to be served and filed on or before October 26, 1962, with notice of argument for the November 1962 Term of this court. Respondents' points are to be served and filed on or